UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER FOUNTAIN,

    Plaintiff,

v().

CERRETO INC. and JAMES GHANIM KASSIR,

    Defendants.

Case No. 26-1014-JWB-BGS

**MEMORANDUM & ORDER GRANTING
MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES and
DENYING REQUEST FOR COUNSEL**

    This matter comes before the Court on Plaintiff Christopher Fountain's Motion to Proceed without Prepayment of Fees, which requests leave for Plaintiff to proceed *in forma pauperis* ("IFP"). Doc. 3, sealed. Plaintiff also filed a Motion for Appointment of Counsel. *See* Doc. 4. For the reasons set forth herein, Plaintiff's IFP application, Doc. 3, is **GRANTED** while his request for counsel, Doc. 4, is **DENIED**.

**I.    Motion to Proceed IFP.**

    Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on an *IFP* motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding *IFP* "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny *IFP* status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

1

Based on the financial information provided by Plaintiff in his motion (Doc. 3, sealed) and affidavit of financial status (Doc. 3-1, sealed), the Court finds that his financial situation, when taking into account any income as well as debts and financial obligations, establishes his inability to pay the required filing fee and his access to the Court would be significantly inhibited if this motion was not granted. Thus, the Court **GRANTS** his motion to proceed without prepayment of fees (Doc. 3, sealed).

Because of the Court's contemporaneously filed Report & Recommendation of dismissal to the District Court, the undersigned Magistrate Judge directs that the Clerk shall <u>not</u> issue summons for service upon the Defendants at this time.

## II.     Request for Counsel.

There is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

When deciding whether to appoint counsel, the Court considers the following factors: (1) the merit of the party's claims; (2) the nature and complexity of the factual and legal issues; and (3) the party's capacity to prepare and present the case without the aid of counsel. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The Court also considers whether the party can afford counsel and whether the party has made a diligent effort to retain an attorney. *Hasenbank v. Gronniger*, No. 20-4082-JTM-ADM, 2020 WL 8482984, at *1 (D. Kan. Dec. 21, 2020). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer

counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

The above factors weigh against appointing counsel. First, regarding the merits of Plaintiff's case, "[t]he burden is on the applicant to convince the court that there is sufficient merit to [their] claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). In a separate order, the undersigned recommended dismissal of Plaintiff's case because his complaint does not state a claim upon which relief may be granted. The Court incorporates that analysis by reference. Thus, the Court does not find that Plaintiff has met his burden to show that there is sufficient merit to warrant the appointment of counsel.

Second, the Court must consider the nature and complexity of the factual and legal issues, which do not weigh in favor of appointing counsel. Although Plaintiff characterizes the case as involving serious misconduct, the complaint itself does not present complex legal questions requiring the assistance of counsel at this stage. Instead, the pleading consists largely of conclusory assertions and fragmented allegations that are not tied to specific defendants or dates. The difficulty in this case arises not from legal complexity, but from the absence of a coherent factual narrative that would permit the Court to discern the basis for any cognizable claim. Appointment of counsel would not cure those deficiencies, and as such, this factor does not weigh in Plaintiff's favor.

Third, the next factor the Court will consider is Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the Plaintiff's ability to gather and present crucial facts as well as the complexity of the case. *Id.* at 1422. Merely alleging that counsel could assist in presenting the "strongest possible case" does not justify granting such a motion. *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008). Here, the Court is satisfied that Plaintiff is capable of articulating his positions and presenting his claims without the aid of counsel. Plaintiff has filed

multiple documents in this action which have demonstrated an ability to communicate with the Court. While Plaintiff's filings reflect confusion regarding legal standards and procedural requirements, that circumstance is common among pro se litigants and does not, standing alone, justify appointment of counsel. The Court also notes that the deficiencies identified in the complaint stem from a lack of factual clarity rather than any demonstrated inability to understand or comply with court orders. This factor therefore does not support appointment of counsel.

Finally, Plaintiff must show diligence in searching for counsel. He must show that she "made a reasonably diligent effort under the circumstances to obtain an attorney." *Martinez v. Pickering*, No. 22-CV-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022). The Court typically requires the movant to confer with at least five attorneys, not merely contact them. *Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at *2 (D. Kan. Sept. 28, 2021). With respect to diligence, the Court does not deny the motion on this basis. Plaintiff's motion reflects that he made efforts to contact multiple attorneys regarding potential representation. Although the information provided is limited and does not include full details of each consultation, it is sufficient to demonstrate a reasonable attempt, under the circumstances, to obtain counsel before seeking appointment. Accordingly, the Court assumes for purposes of this motion that Plaintiff has satisfied the diligence requirement, and denial of appointed counsel rests on the remaining factors.

Considering the relevant factors, the Court declines to appoint counsel in this matter. At this preliminary screening stage, Plaintiff has not shown that his claims have sufficient merit to justify the rare appointment of volunteer counsel, and the case does not presently present factual or legal issues of such complexity that counsel is necessary. Further, Plaintiff has demonstrated the ability to file pleadings and motions on his own. Accordingly, the motion to appoint counsel is denied.

### III. Conclusion

The Court finds that the Plaintiff may proceed without the prepayment of fees. Further, because the Court finds that all of the above factors weigh against appointing counsel, Plaintiff's motion to appoint counsel is **denied**.

**IT IS THEREFORE ORDERED** that Plaintiff's IFP motion, Doc. 3, is **GRANTED**. Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff may commence this action without prepayment of fees.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. 4, is **DENIED**.

**IT IS FURTHER ORDERED** that, because of the Court's contemporaneously filed Report & Recommendation of Dismissal, the Clerk shall <u>not</u> issue summons for service upon the Defendants at this time.

**IT IS SO ORDERED**.

Dated February 3, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge