UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER FOUNTAIN,

    Plaintiff,

v.

CERRETO INC. and JAMES GHANIM KASSIR,

    Defendants.

Case No. 26-1014-JWB-BGS

**MEMORANDUM & ORDER ON *PRO SE* MOTIONS**

    Plaintiff Christopher Fountain filed this action pro se.[1] In conjunction with his federal court Complaint (Doc. 1, hereinafter "the operative pleading"), Plaintiff filed a motion to proceed without prepayment of fees (Doc. 3), which the undersigned Magistrate Judge previously granted (Doc. 6). After review of Plaintiff's complaint, however, the undersigned recommended to the District Court that Plaintiff's claims against the Defendants be dismissed for failure to state a claim upon which relief may be granted. (Doc. 7.) More specifically, the undersigned found that Plaintiff failed to satisfy the Rule 8 "short and plain statement of claim" requirement, that Plaintiff has not alleged a plausible ADA claim, that Plaintiff did not plead a plausible hostile work environment claim, that he alleged no facts to support his ADEA claim, that he failed to exhaust his administrative remedies, and that Defendant Kassir should be dismissed because supervisors cannot be held liable under the ADA, Title VII, or ADEA. (*Id.*) That recommendation remains pending before the District Court.

    Entry of this recommendation of dismissal led Plaintiff to file a spate of motions (Docs. 8, 9, 10, 14, 15, 16, 17, 18, 20, and 21) requesting a variety of relief as well as three separately filed

---

[1] Because Plaintiff proceeds *pro se*, the Court construes his filings liberally and holds him to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). That stated, the Court does not assume the role of advocate for the *pro se* litigant. *Hall*, 935 F.2d at 1110.

1

objections to the District Judge regarding the recommendation (Docs. 11, 12, and 13).[2]  As discussed below, the motions are **DENIED** as failing to comply with local rules, being premature, being moot, and/or being duplicative.[3]  Each motion will be addressed in turn.

1. **First Motion to Amend (Doc. 8) and Second Motion to Amend (Doc. 18).**

    Pursuant to D. Kan. Rule 15.1, a party filing a motion to amend is required to:

    > (1) set forth a concise statement of the amendment or leave sought;
    > (2) <u>attach the proposed pleading or other document</u>; and
    > (3) in the case of a proposed amended pleading, a non-*pro se* filer must also attach a redlined version of the proposed amendment that shows all proposed changes to the pleading; and
    > (4) comply with the other requirements of D. Kan. Rule 7.1.

D. Kan. Rule 15.1 (emphasis added).  While both of Plaintiff's motions to amend enumerate additional factual allegations in support of the claims Plaintiff brings against Defendants (*see* Docs. 8, 18), he has failed to attach a copy of the proposed amended pleading to either motion as required by D. Kan. Rule 15.1.

It is well-established in this District that absent inclusion of the proposed Amended Complaint, the Court cannot determine whether Plaintiffs' motion to amend is meritorious.  *Wanger v. Kansas Dept. of Corr.*, No. 25-3247-JWL, 2026 WL 179915, *8 (D. Kan. Jan. 23, 2026); *Cahail v. United States*, 25-1016-JWB-BGS, 2025 WL 2531847, *2 (Sept. 3, 2025) (denying a motion to amend filed by a *pro se* Plaintiff who failed to include a copy of the proposed amended pleading with the motion).  Plaintiff's two motions to amend (Docs. 8 and 18) are, therefore, **DENIED**.

2. **Motion to Reconsider R&R (Doc. 9).**

    As indicated in the Court's Report & Recommendation, the proper procedure for Plaintiff to seek review of the R&R is not to request reconsideration of the recommendation by the issuing

---

[2] These objections (Docs. 11, 12, and 13) will be resolved by the District Judge.
[3] Also pending is Plaintiff's motion requesting a temporary restraining order (Doc. 19).  This motion will be resolved by the District Judge.

Magistrate, but rather is to serve and file with the U.S. District Judge assigned to the case his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. (Doc. 7, at 16-17 (citing 28 U.S.C. § 636(b)(1), Fed R. Civ. P. 72, and D. Kan. Rule 72.1.4.)) These instructions were clearly contained in the R&R at issue. (Doc. 7, at 16-17.)

The Court notes that Plaintiff filed three separate objections to the District Court regarding the R&R within the 14 day deadline to do so. (*See* Docs. 11, 12, 13.) The District Court will address Plaintiff's objections to the R&R. As such, Plaintiff's request to have the undersigned Magistrate Judge review the R&R at issue is **DENIED as moot**.

3.      **Motion to Recuse (Doc. 10) and Motion to Strike R&R (Doc. 17).**

In his motion to recuse, Plaintiff argues that the undersigned "spent a majority of [her] career at Fleeson… A Firm, that makes its living defending Trucking Companies, and their insurers against drivers that who breathe mold, get sick, and ask for help." (Doc. 10, at 1.) He continues that the undersigned is "not just familiar with [his] type of case - She knows the playbook" and "[a]ny reasonable person would look at her resume, and think and know that there is bias toward a working class truck driver like me." (*Id.*)

Two federal statutes govern judicial recusal, 28 U.S.C. §§ 144 and 455. *See Burleson v. Sprint PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). Plaintiff has requested that the undersigned recuse under the latter statute. (*See* Doc. 10.) The decision to recuse is committed to the sound discretion of the trial court. *Cahail v. United States*, No. 25-1016-JWB-BGS, 2025 WL 2062006, at *3 (D. Kan. July 23, 2025) (citations omitted).

Pursuant to 28 U.S.C. §§ 455(a) and (b)(1), a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned" or if "[s]he has a personal bias or prejudice concerning a party." Recusal is necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *United*

3

*States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  The test for determining impartiality is an objective one, based on a judge's "outward manifestations and reasonable inferences drawn therefrom."  *Cahail*, 2025 WL 2062006, at *3 (citations omitted).

The movant's factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."  *Nichols v. Alley*, 71 F.3d 347, 350–51 (10th Cir.1995) (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir.1993)).  A movant's feelings "which, of necessity, must be subjective, cannot without more be made the test."  *Zhu v. Johns*, No. 07-2001-KHV, 2007 WL 4561526, at *1 (D. Kan. Dec. 21, 2007) (citing *United States v. Corr*, 434 F.Supp. 408, 413 (S.D.N.Y. 1977) (quoting *Wolfson v. Palmieri*, 396 F.2d 121, 125 (2nd Cir.1968))).  Further, "adverse judicial rulings, standing alone, do not constitute a valid basis for recusal based on bias or partiality." *Allen v. Evergy, Inc.*, No. 21-4068-KHV-GEB, 2021 WL 5161748, at *1 (D. Kan. Nov. 5, 2012) (citation omitted).

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir.1993) (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)).  "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Id.* Finally, "[t]here is as much obligation for a judge not to recuse when there is no occasion for [her] to do so as there is for [her] to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (internal citations omitted).

The assertions in Plaintiff's motion fail from a substantive perspective.  Plaintiff's motion consists of entirely conclusory accusations and Plaintiff's personal beliefs as to the ability of the undersigned to be impartial.  A request for recusal is "insufficient if it merely states conclusions,

4

rumors, beliefs and opinions; it must 'state with required particularity the identifying facts of time, place, persons, occasion, and circumstances.' " *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (quoting *Hinman*, 831 F.2d at 938 (per curiam)).  In this instance, Plaintiff's subjective feelings "cannot without more" mandate recusal.  *Zhu*, 2007 WL 4561526, at *1

The named Defendants are not former clients of the undersigned.  Further, the undersigned has no knowledge as to the underlying claims or basis for the same.  In short, Plaintiff's unsupported, conclusory allegations are insufficient to show that the undersigned is biased or will be unable to be impartial.  The motion to recuse (Doc. 10) is, therefore, **DENIED**.

In the Motion to Strike the R&R (Doc. 21), Plaintiff raises the same issues as in his motion to recuse:  that the undersigned worked at Fleeson, therefore she have "a clear appearance of Bias [sic]." (Doc. 17, at 1.)  Plaintiff asks that "the report be wiped clean" and a new Magistrate Judge be appointed; the motion also states Plaintiff is asking to file an Amended Complaint.  (*Id.*)  For the same reasons the undersigned denies Plaintiff's request that she recuse, Plaintiff's Motion to Strike the Report & Recommendation (Doc. 17) is **DENIED**.

4. **Motion to Expedite Ruling on Recusal (Doc. 14) and Motion to Stay (Doc. 15).**

Plaintiff argues that "every day [you stay] on the case is a day of bias." (Doc. 14, at 1.)  He also asks for the case to be put on "pause" until the recusal motion is decided because he thinks you "can not [sic] be impartial." (Doc. 15.)  Because this Order resolves the underlying recusal issue, Plaintiff's request to expedite this decision and/or stay the case until recusal is resolved is now moot.  As such, these motions (Docs. 14, 15) are **DENIED**.

5. **Motion to Compel (Doc. 16).**

Plaintiff contends he has served discovery requests by mail to both Defendants but they have not responded. (Doc. 16, at 1-2.)  Per Fed. R. Civ. P. 26(d), a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding

5

exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Plaintiff's discovery requests are premature and in violation of Fed. R. Civ. P. 26. This motion (Doc. 16) is, therefore, **DENIED**.

6.  **Motion for Sanctions for Failure to Preserve Evidence (Doc. 20) and Motion to Preserve Evidence (Doc. 21).**

Litigants "have a duty to preserve documents or materials – including electronic documents and materials – that may be relevant to ongoing and potential future litigation." *Id.* "Such preservation may not be 'selective,' saving only the evidence supporting a theory of liability and impeding the examination of another theory." *Benton v. Dlorha, Inc.*, 06-2488-KHV, 2007 WL 3231431, at *4 (D.Kan. Oct. 30, 2007). Typically, this duty to preserve evidence commences with the filing of a lawsuit, although that duty may arise even before a lawsuit is filed if a party has notice that future litigation is likely. *Helget*, 2014 WL 1308893, *3 (citing *Philips Electronics*, 773 F .Supp.2d at 1195 (internal citations omitted)).

In the first of these two motions, Plaintiff asks for sanctions against Defendants "[i]f they fail to preserve every document, recording, email, note, log books, memory card, toll receipts, maintenance receipts, or anything in relation to my name, the Plaintiff, Mr. Christopher R. Fountain, Pro Se." (Doc. 20, at 1.) In the second motion, Plaintiff asks the Court to order Defendants "to preserve every document, recording, email, note, log books, memory card, toll receipts, maintenance receipts, or anything in relation to my name, the Plaintiff, Mr. Christopher R. Fountain, Pro Se." (Doc. 21, at 1.) He "ask[s] the Court to stop and halt any spoliation, of any kinds" by Defendants. (*Id.*)

As the movant, Plaintiff has the burden to demonstrate, by a preponderance of the evidence, that Defendant failed to preserve evidence. *Federal Trade Commission v. Affiliate Strat., Inc.*, 09-4104-JAR, 2011 WL 2084147 (D. Kan. May 24, 2011) (citing *In re Krause*, 367 B.R. 740, 764 (Bankr. D. Kan. 2007)). Sanctions are appropriate when "(1) a party has a duty to preserve evidence because it

knew, or should have known, that litigation was imminent; and (2) the adverse party was prejudiced by the destruction of the evidence." *Id.* (citing *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir.2007)). As to the second factor, there must be evidence that the moving party was actually, not merely theoretically, prejudiced. *Id.* (citing *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1150 (10th Cir.2009)).

When determining whether sanctions should be entered for the failure to preserve evidence, the Court must consider "obvious" requirement that "the evidence must have existed." *CCA Recordings 2255 Litigation v. United States*, No. 19-2491 JAR-JPO, 2021 WL 2212758, at *8 (D. Kan. June 1, 2021) (citations omitted). "The threshold issue in any motion for spoliation is that the items purportedly destroyed or lost actually existed." *Id.* (citation omitted). "A successful claim for spoliation of evidence cannot be premised on mere speculation on the existence of such evidence." *Id.* (citation omitted). It naturally follows that there must also be evidence of destruction of such evidence. *Id.*

Plaintiff's motions are clearly premature as he is improperly asking the Court to resolve a prospective issue that may or may not happen. If facts ultimately develop in this case to support this issue, then that can be addressed by way of an appropriate motion.[4] The motions (Docs. 20 and 21) are thus **DENIED**.

## CONCLUSION

For the reasons set forth herein, Plaintiff's motions (Docs. 8, 9, 10, 14, 15, 16, 17, 18, 20 and 21) are **DENIED**.

**IT IS SO ORDERED.**

Dated February 20, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON

---

[4] Before a motion of this nature can be filed, Plaintiff will need to comply with the requirements of D. Kan. Rules 37.1 and 37.2.

Brooks G. Severson
United States Magistrate Judge

8