IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER FOUNTAIN,

        Plaintiff,

v.                                                                                      Case No. 26-1014-JWB

CERRETO INC. and JAMES KASSIR,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Magistrate Judge Brooks Severson's Report and Recommendation ("R&R") recommending that the court dismiss this action for failure to state a claim. (Doc. 7.) Plaintiff filed timely objections and requested to amend his complaint. (Docs. 11, 12, 13.) For the reasons stated herein, the court ADOPTS the magistrate judge's R&R (Doc. 7), OVERRULES Plaintiff's objections, DENIES his request to amend, and DISMISSES Plaintiff's complaint. Accordingly, Plaintiff's remaining motion (Doc. 19) is DENIED AS MOOT.

## I.    Facts

On January 20, 2026, Christopher Fountain ("Plaintiff") filed suit against Cerreto Inc. ("Cerreto"), a trucking company and James Kassir ("Kassir"), the owner of Cerreto (collectively "Defendants"). (Doc. 1 at 1–2.) The following facts come from the two civil complaint forms simultaneously filed by Plaintiff. Plaintiff began working for Cerreto as a truck driver in May 2024. (*Id*. at 8.) Upon hire, Plaintiff flew to Chicago, Illinois, where he was assigned to operate a semi-truck that was being stored in a salvage yard there. (*Id*. at 4.) Beginning the first day of his employment, he was exposed to black and green mold growing inside the cab of the semi-truck.

1

Plaintiff contends the mold exposure caused severe respiratory problems.  He further alleges that he informed Kassir and Cerreto dispatchers of his health condition due to the presence of mold, but that his complaints were ignored.  (*Id*. at 8–10.)  Plaintiff goes on to explain that he was also involved in a crash but provides no specifics other than he suffered unspecified injuries and requested medical attention which were similarly ignored.  (*Id*. at 3–4, 8–9.)

Plaintiff further alleges that Cerreto failed to carry workers' compensation insurance as required by Illinois law, and that Kassir misclassified him after the accident to evade financial and legal responsibility for Plaintiff's injuries.  (*Id*. at 3–4.)  Plaintiff contends that he filed complaints with the Occupational Safety and Health Administration ("OSHA"), the Department of Labor, the Department of Transportation, the Equal Employment Opportunity Commission ("EEOC"), and the Department of Justice beginning in or around February 2025.  (*Id*. at 5.)  Attached to the two civil complaints, Plaintiff included an unsigned EEOC Charge of Discrimination form, but it indicates that it "was filled out by [Plaintiff's] employment attorney" and goes on to indicate that it was filed in January 2025.  (Doc. 1-1 at 1–2.)  According to the EEOC charge, Plaintiff's employment was terminated on March 28, 2025.  The EEOC charge goes on to allege that Defendants' stated reason for termination of Plaintiff—road rage and vandalism in Wichita—was false and pretextual, and that the true reason was retaliation for his repeated complaints about the mold conditions and his requests for medical accommodation.  (*Id*. at 2.)  Attached to the complaint is a medical letter from Plaintiff's treating physician.  (*Id*. at 3.) The letter states that Plaintiff has documented disabilities that include musculoskeletal conditions.

Plaintiff appears to bring four claims.  Specifically, (1) a failure to accommodate claim under the Americans with Disabilities Act ("ADA"), (2) a retaliation claim under the ADA, (3) a hostile work environment claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), and

(4) an age discrimination claim under the Age Discrimination in Employment Act ("ADEA"). (Doc. 1.)  On February 3, 2026, Magistrate Judge Severson screened Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and entered an R&R recommending dismissal.  (Doc. 7.)  Shortly thereafter, Plaintiff filed three documents labeled as objections to the magistrate judge's order.  (Docs. 11, 12, 13.)

## II.    Standard

Review of an R&R.  Plaintiff has timely objected, in part, to the R&R. When reviewing a magistrate judge's ruling on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court...'").

Failure to State a Claim.  Under provisions pertaining to IFP matters, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (ii) fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  To state a valid claim for relief, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no

bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Pro Se Standard. Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on his behalf. *Id.*

## III.     Analysis

Before proceeding with the merits of Plaintiff's claims, the court will address his objection that Magistrate Judge Severson is biased and therefore she should be disqualified. (Doc. 11 at 1–2.) Plaintiff raises concerns about the impartiality of Magistrate Judge Severson because her professional background included "represent[ing] defense side interests" and being "against the 'small guy.'" (Doc. 11 at 1–2.) Plaintiff argues that this background creates an appearance of bias against pro se plaintiffs suing corporate defendants, and requests the court reject the R&R on those grounds.

A judge must disqualify where her "impartiality might reasonably be questioned." 28 U.S.C. § 455 (a). This is an objective inquiry. *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993.) It "is limited to outward manifestations and reasonable inferences drawn therefrom." *Id.* at 993. Here, Plaintiff's single allegation that Magistrate Judge Severson's background representing or defending corporations impacts her rulings when individuals sue corporations fails to demonstrate unfairness or prejudice. This conclusory allegation would not lead an objective observer to conclude that the magistrate judge was biased. Therefore, the objection is overruled.

Moving on to Plaintiff's causes of action, he filed three objections to the R&R, each on February 11, 2026. (Docs. 11, 12, 13.) As an initial matter, Plaintiff's objections fail to

specifically address Magistrate Judge Severson's ruling.  Rather, they attempt to add facts to his complaint.  Plaintiff merely restates his underlying grievances and asks the court to view them more favorably.  (Docs. 11 at 3–5; 13 at 1–2.)  Even liberally construed, the court finds that Plaintiff's generalized objections do not constitute the specific, targeted challenges required to trigger de novo review.  *Williams*, 2019 WL 6167514 at *1.  Because Plaintiff's objections amount to no more than a re-presentation of facts previously considered and rejected, rather than particularized legal challenges, the Court reviews the R&R under the clearly erroneous or contrary to law standard and finds it is neither.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *One Parcel of Real Prop.*, 73 F.3d at 1060 (holding that objections which are vague and general or that merely rehash arguments already considered do not preserve issues for de novo review).  The court will now address Plaintiff's claims.

Plaintiff first brings an ADA failure to accommodate claim.  Under the ADA, a failure to accommodate claim is evaluated under a modified *McDonnell Douglas* burden-shifting framework.  *Aubrey v. Koppes*, 975 F.3d 995, 1005 (10th Cir. 2020).  Under the first step, a plaintiff must demonstrate that (1) he is disabled; (2) he is  an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.; (3) he requested a plausibly reasonable accommodation, and (4) the employer refused to accommodate his disability. *Id*.

Here, the court agrees with the magistrate judge that this claim is subject to dismissal on multiple independent grounds.  As a threshold matter, Plaintiff has not demonstrated exhaustion of administrative remedies.  While Plaintiff attached an unsigned[1] EEOC document indicating it

---

[1] The court has significant doubts whether the EEOC "charge" attached by Plaintiff to his complaint is sufficient. (Doc. 1-1.)  Specifically, a charge must be "in writing under oath or affirmation."  42 U.S.C. § 2000e–5(b); *see* 42

was filed in January 2025, neither the complaint nor his objections alleges that the EEOC issued a right-to-sue letter or that the requisite waiting period elapsed before suit was filed. Without a right-to-sue letter, the claim is subject to dismissal. *See Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185–86 (10th Cir. 2018). Separately, Plaintiff has not sufficiently alleged that Cerreto employed fifteen or more employees during the relevant period, as required for Title I coverage. *See* 42 U.S.C. § 12111(5)(A).[2] Even setting these deficiencies aside, the substantive claim still fails. Plaintiff does not plausibly allege he was a qualified individual able to perform the essential functions of his job with a reasonable accommodation. Although Plaintiff's objections clarify that he requested masks, air filters, and a cleaner truck (Doc. 13 at 1), these requests are not tethered to a specific disability as required by the ADA. *See Dinse v. Carlisle Foodservice Prods. Inc.*, 541 F. App'x 885, 889–90 (10th Cir. 2013). These requests amount to nothing more than general complaints about working conditions and not accommodation requests, as required. Moreover, Plaintiff describes no interactive process or disability-specific refusal by Defendants. In sum, Plaintiff fails to state a claim for failure to accommodate under the ADA.

Next, Plaintiff brings an ADA retaliation claim. Under the ADA, Plaintiff must first establish a prima facie case of retaliation by showing (1) that he engaged in protected opposition to discrimination, (2) "that a reasonable employee would have found the challenged action materially adverse," and (3) "that a causal connection exists between the protected activity and the materially adverse action." *Hansen v. SkyWest Airlines*, 844 F.3d 914, 925 (10th Cir. 2016).

---

U.S.C. § 12117(a) (applying § 2000e–5(b) to ADA). Therefore, a document only constitutes a "charge" within the meaning of the ADA if it is "in writing and signed." 29 C.F.R. § 1601.9. Here, the document attached by Plaintiff is unsigned and therefore does not amount to a proper "charge."

[2] In addressing how many employees Cerrato has, Plaintiff states in his objection that "there are a bunch of secret owners, and managers, and other employees that are all from Eastern Europe." (Doc. 13 at 3–4.) But he later states that he "only spoke to three of them." (*Id.*) Using terms like "a bunch" is overly vague and too conclusory to determine whether Cerreto employed over fifteen employees.

Here, as with the failure to accommodate claim, the absence of a right-to-sue letter independently warrants dismissal. *See Lincoln*, 900 F.3d at 1185–86. Plaintiff also failed to allege that Cerreto employed fifteen or more employees. *See* 42 U.S.C. § 12111(5)(A). On the merits, Plaintiff does not plausibly allege that he engaged in protected activity. Although Plaintiff asserts in his objections that he complained about the mold to dispatchers and Defendant Kassir (Doc. 13 at 2), these are general workplace complaints that do not constitute protected activity under the ADA. *See Dinse*, 541 F. App'x at 889–90 (holding an employer's "mere awareness" of an employee's workplace concerns, in the absence of some overt act by the employee, does not amount to engaging in protected activity). Even if the court were to assume that Plaintiff can show protected activity, Plaintiff alleges no facts establishing a causal connection between any such activity and his termination on March 28, 2025. He identifies neither the timing of any protected activity nor any retaliatory motive by decisionmakers; thus, he cannot make out a prima facie case. Accordingly, Plaintiff fails to state a claim for ADA retaliation.

Next, Plaintiff brings a hostile work environment claim under Title VII. Again, Plaintiff carries the initial burden of establishing a prima facie case, requiring a showing that (1) he is a member of a protected group, (2) he was subject to unwelcome harassment, (3) the harassment was based on race, and (4) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment and created an abusive work environment. *Owens v. Unified Gov't of Wyandotte Cnty./Kansas City, Kansas*, 2022 WL 2131117, at *14 (D. Kan. June 14, 2022) (citing *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1222 (10th Cir. 2015)).

Here, Title VII's fifteen-employee requirement applies, and Plaintiff has offered no facts establishing Cerreto meets that threshold. *See* 42 U.S.C. § 2000e(b). Moreover, Plaintiff's objections do not allege facts showing the workplace "is permeated with discriminatory

7

intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Brown v. LaFerry's LP Gas Co.*, 708 F. App'x 518, 520 (10th Cir. 2017) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Simply stating that the "environment was extremely hostile," that "rude comments and profanity were commonly used," or being told that no one would hire him does not rise to that level. (Docs. 11 at 5; 12 at 1; 13 at 2.) The incidents Plaintiff describes are discrete occurrences that, even considered collectively, fall within the category of "'run -of-the mill boorish, juvenile, or annoying behavior that is not uncommon in American workplaces' [which] are insufficient to support a claim for hostile work environment." *King v. Koch AG & Energy Sols., LLC*, 2025 WL 2106828, at *6 (D. Kan. July 28, 2025) (citing *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1252 (10th Cir. 2021)). Accordingly, Plaintiff fails to state a hostile work environment claim.

Finally, Plaintiff brings an age discrimination claim under the ADEA. To state a claim of age discrimination, Plaintiff must show that he: (1) is a member of the class protected by the ADEA; (2) suffered an adverse employment action; and (3) the challenged action occurred under circumstances giving rise to an inference of discrimination. *Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015).

Here, Plaintiff appears to have waived his ADEA claim. In his third objection, Plaintiff states "I can leave the ADEA claim out, if needed as it is the least of my concerns." (Doc. 13 at 5.) The explicit disavowal of a claim in briefing constitutes abandonment. *Hinsdale v. City of Liberal, Kan.*, 19 F. App'x 749, 768–69 (10th Cir. 2001). To the extent it is not waived, it still fails. The only age-related allegation Plaintiff supplies across his objections is that Kassir told him "you are over 40 years old," and warned that no one would hire him. (Doc. 13 at 4.) This isolated comment, unaccompanied by any facts linking it to an employment decision, is insufficient to give

rise to an inference that age was the determining factor in any adverse action. *Lucas v. Dover Corp.*, 857 F.2d 1397, 1400 (10th Cir. 1988). Accordingly, the ADEA claim is dismissed.

Finally, Plaintiff requests leave to amend his complaint sporadically throughout his three objections. (Docs. 11, 12, 13.) The court is cognizant of Plaintiff's pro se status and recognizes that courts should give pro se plaintiffs a reasonable opportunity to amend unless the amendment would be futile. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. PAR Elec. Contractors, Inc.*, 318 F.R.D. 640, 642 (D. Kan. 2017) (quoting *Farmers Bank & Trust, N.A. v. Witthuhn*, 2011 WL 5920941, at *2 (D. Kan. Nov. 28, 2011)). The court determines futility under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.* at 643.

Here, the court reviewed and adopted all new facts in Plaintiff's three objections as well as Plaintiff's two previously denied motions to amend (Docs. 8, 11, 12, 13, 18) and still finds Plaintiff failed to state a claim. As such, amendment would be futile because even crediting every factual assertion Plaintiff has offered, his EEOC charge, his medical documentation, and all three objections, the allegations still do not cure the core deficiencies identified by the magistrate judge and adopted by this court. Because Plaintiff has had multiple opportunities to supplement his allegations and has consistently fallen short of the pleading threshold, further amendment would be futile and is denied.[3]

## IV.     Conclusion

---

[3] Plaintiff's objections identify a variety of additional legal theories he believes his facts support, including fraud in connection with his employment contracts, discrimination based on the owner's use of the term "American" in a derogatory manner, theft of escrow funds, driver misclassification, OSHA violations, wrongful termination, falsification of electronic logbooks, defamation, slander, and violations of Illinois criminal law. (Docs. 8, 11, 12, 13, 18.) None of these theories are accompanied by factual allegations sufficient to plausibly state a cognizable federal claim. Moreover, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1030–31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

THEREFORE, the court finds that Plaintiff's complaint fails to state a claim.  Accordingly, Plaintiff's objections (Docs. 11, 12, 13) are OVERRULED, Magistrate Judge Severson's R&R (Doc. 7) is ADOPTED, and Plaintiff's complaint is DISMISSED.  Because Plaintiff's complaint is dismissed, his remaining motion (Doc. 19) is DENIED AS MOOT.

IT IS SO ORDERED.  Dated this 16th day of April, 2026.

_s/ John W. Broomes_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE